

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN 11, TEXAS

**WILL WILSON**
**ATTORNEY GENERAL**

March 21, 1958

Hon. William A. Harrison
Commissioner of Insurance
State Board of Insurance
Austin, Texas

Opinion No. WW-393

Re: Whether a municipal water
and sewer contract made
with a real estate developer
is an authorized investment
under Section 1, Article 3.39,
Texas Insurance Code.

Dear Sir:

With your opinion request you enclose a copy of a contract between a city and a real estate subdivision developer which is substantially as follows:

The city agreed to construct a water and sewer system in the subdivision. The developer was to first deposit $24,000 with the city, and following construction the city will reimburse the developer 90% of the $24,000 deposit, payable in yearly installments consisting of three-fourths of the revenues from sale of the water over a maximum period of 25 years.

You ask whether or not this contractual obligation of the city is a permitted investment for a life insurance company pursuant to Article 3.39, Section 1, of the Texas Insurance Code, which authorizes a life insurance company to invest in:

" . . . the bonds and warrants, including revenue and special obligations, of any educational institution of the State of Texas; or any municipally owned water system or sewer system when special revenues, or income to meet the principal and interest payments as they accrue upon such obligations shall have been appropriated, pledged or otherwise provided by such municipality or educational institution; . . ."

The phrase "including revenue and special obligations" refers to the preceding phrase "bonds and warrants", meaning that included within such "bonds and warrants" are bonds and warrants which constitute revenue and special obligations of the issuer.

Not only is the contract inquired about not in proper form for either a bond or warrant (15 McQuillen on Municipal Corporations (1950). Sec. 42.01 and 43.53), it is not a bond, for the authority to issue bonds must be expressly granted and may be exercised only in the mode specified. City of Brenham v. German American Bank, 144 U.S. 173 (1892); Lasater v.

Lopez, 202 S.W. 1039 (Civ.App. 1918), affirmed 110 Tex. 179, 217 S.W. 373; Keel v. Pulte, 10 S.W. 2d 694 (Tex.Comm.App. 1928). The power of a city to issue waterworks and sewer tax bonds is found in Article 823, V.C.S., and the power to issue waterworks and sewer revenue bonds is found in Articles 1111 to 1118, V.C.S. The election provisions relating to the issuance of all such bonds are set out in Chapter 1 of Title 22, Revised Civil Statutes of Texas, 1925, as amended. There has been no election, no attempt has been made by the city to observe the requirements of any of these statutes, and it is manifest that no bond has been issued.

Nor is the contract a warrant. Time warrants are payable over a period of years; they have many of the characteristics of bonds but are not negotiable. Lasater v. Lopez, supra. This contract is not payable from taxes; therefore, it could not be considered a tax time warrant even if the provisions of Article 2368a, V.C.S., had been followed, which was not done. Nor is the contract a revenue time warrant, for there has been no observance of the requirements of Articles 1111 to 1118, V.C.S., which expressly authorize issuance of warrants payable from net revenues.

Clearly, the city had no intention to issue either bonds or warrants, and the contract is neither. Therefore, the contract is not an eligible investment and your question is answered in the negative.

Having found that the contract is not an eligible investment, it is not necessary that we pass upon the validity of the contract, and for that reason we express no opinion in that respect.

## SUMMARY

The contract inquired about between a city and a real estate developer, whereby the city will partially reimburse the developer over a period of years for the cost of construction of a waterworks and sewer system, is neither a bond nor a warrant and is not a permitted investment for a life insurance company under Section 1, Article 3.39, Texas Insurance Code.

Very truly yours,

WILL WILSON
Attorney General of Texas

Maco Stewart
Assistant Attorney General

Howard W. Mays
Assistant Attorney General

APPROVED:

OPINION COMMITTEE

Geo. P. Blackburn, Chairman

Cecil C. Rotsch

J. Milton Richardson

J. Mark McLaughlin

John H. Minton, Jr.

REVIEWED FOR THE ATTORNEY GENERAL
BY:  W. V. GEPPERT